UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE ROMAIN,

    Plaintiff,

v().                                                                                                   Case No. 11-15679

ST. JOSEPH MERCY HOSPITAL,                     HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER
SUSTAINING DEFENDANT'S OBJECTIONS (Doc. 26)
AND
ADOPTING IN PART AND REJECTING IN PART REPORT AND
RECOMMENDATION (Doc. 25)
AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 18)**

## I. Introduction

This is an employment discrimination case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. Plaintiff, Nicole Romain, proceeding pro se, alleges she was harassed, discriminated against, and eventually terminated by defendant St. Joseph Mercy Hospital because she is a woman. The case was referred to a magistrate judge for pretrial proceedings, before whom defendant filed a motion for summary judgment. The magistrate judge considered the parties' papers and held a hearing on the motion, after which it issued a report and recommendation (MJRR), recommending that defendant's motion be granted in part and denied in part. Specifically, the magistrate judge recommends that plaintiff's claims relating to her

termination be dismissed with prejudice. The magistrate judge also recommends that plaintiff be given "leave to amend her complaint to attempt to state an independent claim of sex discrimination or harassment arising from the 'uniform incident,'" in which she alleges she was forced to wear a man's uniform.

Before the Court are defendant's objections to the MJRR.[1] For the reasons that follow, the objections will be sustained, the MJRR will be adopted in part and rejected in part, and defendant's motion for summary judgment will be granted.

## II. Background

The MJRR accurately sets forth the facts. What follows are the background facts relevant to the "uniform incident."

Plaintiff began her employment with defendant on or about September 26, 2005 as a security officer. Her duties as a security officer included:

> 1. Monitor[ing] conditions and activities while patrolling the grounds, parking lots and buildings. Ensur[ing] that relevant Health Center policies are followed and violations are reported [and]
> . . .
> 3. respond[ing] appropriately to a variety of potential and/or real emergencies, alarms and extraordinary events.

---

[1] Plaintiff has not objected to the MJRR and the time for filing objections has passed. The MJRR was issued on January 18, 2013. Plaintiff had fourteen (14) days, or until February 1, 2013 in which to file objections. Further, plaintiff had fourteen (14) days to file a response to defendant's objections. Defendant's objections were filed on February 1, 2014; a response was due on or before February 19, 2013. To date, no response has been filed. However, on February 19, 2013, defendant filed a reply to its objections. (Doc. 27). Exhibit A to the reply brief is a document from plaintiff which purports to be a response to defendant's objections. (Doc. 27-1). Plaintiff, however, did not file this document with the Court. It appears that plaintiff has previously failed to file papers with the Court. Instead, plaintiff mails them to defendant who in turn submits them to the Court. It is plaintiff's obligation, not defendant's, to file her papers with the Court.

As to the "uniform incident," acknowledging that the record was sparse,[2] the magistrate judge was able to discern the following from plaintiff's response to defendant's motion and from the hearing:

> It appears that in early 2010, Defendant changed the uniform worn by its security officers. Plaintiff says the new uniform was a "men's uniform"(Dkt. 24, Ex. A, p. 7): the pants were straight-legged and could not fit a woman, like herself, with a female shape and curves. Plaintiff says she "was refused a women's uniform" and "forced into a man [sic] uniform that didn't fit" (Id. at p. 10). On April 1, 2010, Plaintiff told her supervisor, Paul Adams, that she could not fit into the pants to the new uniform. Adams became very hostile and repeatedly told her to "make it work" (Id. at p. 8). He suspended Plaintiff without pay for two weeks, presumably for not showing up to work in the pants to the new uniform (Id.).
> On April 4, 2010, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") about the uniform incident. A month later, Plaintiff attended a meeting with Adams and a Human Resources representative to discuss the matter. According to Plaintiff, Adams "got belligerent during meeting [sic] and yelled, [sic] also hostile and left meeting" (Id. at p. 8). Plaintiff says "she was forced to endure harassment from Paul Adams following [her] EEOC complaint" (Id. at p. 10). She contends the uniform incident precipitated a wide-ranging effort to retaliate against her, culminating in her discharge. In her own words from the motion hearing: "it's all over a uniform; its always been about a uniform."

(Doc. 25, MJRR, at p. 2-3. The magistrate judge later recommended that defendant's motion for summary judgment be denied "as to any discrimination or harassment claim Plaintiff may have related to the uniform incident." (Id.). However, the magistrate judge was equivocal, if not skeptical, as to the viability of such a claim.

### III.  Review of MJRR

A district court must conduct a de novo review of the parts of a magistrate

---

[2]Indeed, the magistrate judge stated that the facts regarding the uniform incident were "pieced together" from plaintiff's document entitled a "motion for summary judgment" which was not filed with the Court but submitted by defendants, and the audio-recording of the hearing on defendant's motions. See Doc. 25, MJRR, at p. 2 n. 2.

judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

### IV.  Analysis

Defendant objects as follows:

1. Defendant objects to the Magistrate's recommendation that Defendant's Motion for Summary Judgment be denied with regard to Plaintiff's gender discrimination and harassment claims arising out of "the uniform incident."

2. Defendant objects to the Magistrate's recommendation that Plaintiff be granted leave to amend her Complaint to state an "independent claim" of discrimination and harassment relating to "the uniform incident" and be permitted additional discovery on this issue.

Although defendant has raised two objections, they raise the same argument – that

plaintiff should not be permitted to allege a separate claim regarding the uniform incident. Defendant says that the "uniform incident" is not a separate claim, that plaintiff has not supported any such claim with admissible evidence, and the magistrate judge's recommendation to grant plaintiff leave to amend, which she has not requested, prejudices defendant and is "improper advocacy on behalf of the pro se plaintiff."

As an initial matter, the Court does not find that the magistrate judge engaged in improper advocacy on behalf of plaintiff. That said, the Court views the record differently that the magistrate judge. The "uniform incident" does not stand as a potential independent claim of harassment or discrimination. Rather, it is subsumed in plaintiff's overall discrimination claim – that she was terminated because of her gender. The magistrate judge examined the record and determined, correctly, that plaintiff was not terminated because of her gender. The "uniform incident" is but one of several instances of gender discrimination plaintiff alleges she was subjected to which culminated in her termination. This is made clearer in plaintiff's recent paper, which defendant attached to its reply in support of its objections. (Doc. 27-1). Plaintiff states that she had to endure discrimination because of her gender, was harassed for "many months" and then terminated in violation of Title VII. In short, there is no basis to separate the "uniform incident" from the rest of plaintiff's gender discrimination claim.

Moreover, while pro se litigants are to be treated with some leeway, a pro se litigant is required to follow the rules of civil procedure and easily-understood court deadlines, and assumes all of the risks and hazards that accompany self-representation. Graham–Humphreys v. Memphis Brooks Museum of Art, Inc., 209

F.2d 552, 561 (6th Cir. 2000).  Here, defendant filed a motion for summary judgment and supported the motion with admissible evidence which demonstrates that plaintiff was terminated for legitimate reasons, not because of her gender.  Plaintiff then had the burden to come forth with admissible evidence[3] to show that there is an issue for trial as to gender discrimination.  Plaintiff did not submit any evidence.  Plaintiff instead made unsupported assertions as to her employment conditions.  That is not sufficient to sustain her summary judgment burden.  Thus, plaintiff's failure to file a proper response to defendant's motion for summary judgment is also grounds for granting defendant's motion.

## V.  Conclusion

For the reasons stated above, defendant's objections are SUSTAINED.  The MJRR is ADOPTED IN PART AND REJECTED IN PART.  Defendant's motion for summary judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
UNITED STATES DISTRICT JUDGE

Dated:  February 21, 2013

---

[3]Plaintiff has in fact failed to respond to defendant's discovery requests.  On October 17, 2012, the magistrate judge granted defendant's unopposed Motion to Compel responses to Defendant's First Requests for Production of Documents, and ordered plaintiff to fully respond to the document requests by November 2, 2012. (Doc. 19).  In the order, the magistrate judge cautioned plaintiff that if she fails to produce the documents "she may be sanctioned up to and including the dismissal of this case."  (Id.) Plaintiff did not respond to defendant's document requests.  See Defendant's Reply (Doc. 23).  Despite obtaining no discovery from plaintiff, defendant went forward with a well-supported motion for summary judgment.  The magistrate judge did not address plaintiff's failure to comply with the order on defendant's motion to compel.

11-15679 Nicole Romain v. St. Joseph Mercy Hospital

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 21, 2013, by electronic and/or ordinary mail.

                                       S/Sakne Chami
                                       Case Manager, (313) 234-5160